United States Court of Appeals
Fifth Circuit

**F I L E D**

**December 5, 2005**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

---

No. 04-50420
Summary Calendar

---

UNITED STATES OF AMERICA,

                              Plaintiff-Appellee,

versus

JUAN ALBERTO CEDILLO; JAVIER DE LA PENA,

                              Defendants-Appellants.

--------------------
Appeals from the United States District Court
for the Western District of Texas
USDC No. 2:03-CR-224-3-AML
--------------------

Before HIGGINBOTHAM, BENAVIDES, and DENNIS, Circuit Judges.

PER CURIAM:*

     Following a jury trial, Juan Alberto Cedillo and Javier De La Pena were each convicted of both possessing and importing cocaine and acquitted of related crack charges. Cedillo appeals his conviction on the importation charge, and both defendants appeal their sentences.

     Cedillo argues that the evidence is insufficient to sustain his conviction for importation of cocaine. Because Cedillo did not renew his motion for judgment of acquittal following the

---

     * Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

close of all evidence, we review only to determine whether there was "a manifest miscarriage of justice."[1]  Under this standard, Cedillo will receive relief only if the record wholly lacks evidence of his guilt or if the evidence of guilt is "so tenuous that a conviction if shocking."[2]  This standard is not met. Rather, there was plentiful evidence that Cedillo knowingly played a part in bringing cocaine into the United States - he even admitted that he had gone into Mexico to buy cocaine. Consequently, Cedillo's importation conviction is AFFIRMED.

Cedillo and De La Pena both contend that their sentences are contrary to *United States v. Booker*.[3]  They argue that their Sixth Amendment rights were violated because their sentences were based on drug-quantity facts neither admitted by them nor found by a jury.  Both defendants preserved this claim for appeal by objecting to Sentencing Guidelines calculations and arguing that their sentences should not be based on quantities of drugs related to the crack charges for which they were acquitted.[4]

As the Government concedes, the district court erred by basing the defendants' sentences on drug-quantity facts neither

---

[1]*United States v. Green*, 293 F.3d 886, 895 (5th Cir. 2002).

[2]*United States v. Avants*, 367 F.3d 433, 449 (5th Cir. 2004).

[3]125 S. Ct. 738 (2005).

[4]*See United States v. Akpan*, 407 F.3d 360, 376 (5th Cir. 2005).

admitted by the defendants nor found by a jury.[5]  Further, the Government has not shown this error to be harmless.[6]  Thus, Cedillo's and De La Pena's sentences are VACATED, and the case is REMANDED FOR RESENTENCING.  Because resentencing is warranted, there is no need to address the defendants' remaining sentencing claims.[7]

Cedillo was acquitted of possession with intent to distribute and convicted of the lesser-included offense of simple possession, but the judgment of conviction signed by the district court states that he was convicted of the former.  No one suggests that the district court did not sentence Cedillo for the correct crime.  We leave to the district court correction of clerical error.

The judgments of conviction are AFFIRMED, the sentences are VACATED, and the case is REMANDED to the district court for further proceedings consistent with this opinion.

---

[5]*See United States v. Pineiro*, 410 F.3d 282, 285-86 (5th Cir. 2005).

[6]*See id.*

[7]*See Akpan*, 407 F.3d at 377 n.62.